FILED
United States Court of Appeals
Tenth Circuit

September 26, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENST CIRCUIT

MARCO A. ROCHA,

     Plaintiff - Appellant,

v.

A. ZAVARAS, CDOC Director; RON
LEYBA, FMCC Warden; LT.
POTTER, FMCC; SGT. STEVENS,
FMCC; OTHER UNNAMED
DEFENDANTS UNDER THEIR
OFFICIAL AND INDIVIDUAL
CAPACITIES,

     Defendants - Appellees.

No. 11-1132
(D.C. No. 10-CV-01272-PAB-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Marco Rocha, a state inmate appearing pro se, appeals from the district

court's Rule 12(b)(6) dismissal of his entire complaint, with prejudice, for failure

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

to state a claim upon which relief can be granted. <u>Rocha v. Zavaras</u>, No. 10-cv-01272-PAB-KMT, 2011 WL 805758 (D. Colo. Feb. 28, 2011). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts, and we need not restate them here. Briefly, Mr. Rocha alleges that, in June of 2008, he was given a "Low Work Evaluation" and ultimately placed on "Restricted Privilege" (RP) status in retaliation for informal complaints he made about kitchen staff. R. 8. He further alleges that, while on RP status, offenders are restricted to standard recreation activities, maintained in segregated housing, called last to eat, restricted from certain purchases from the canteen, prohibited from communicating with other inmates, and required to wear distinct identifying clothing (specifically, orange pants, rather than green pants). R. 7-8. Mr. Rocha claims that, due to the prohibition on communication, he was injured during a work project, requiring eight stitches and additional bandages. R. 8. Mr. Rocha allegedly filed an initial grievance five days later regarding the safety of the working conditions, and this case followed. R. 8.

Mr. Rocha's initial complaint sought injunctive relief and damages against all four Defendants in their official and individual capacities, and contained as many as five claims: (1) violation of his First Amendment rights by way of retaliation for his informal complaints and the complete prohibition on his speech

while on RP status;[1] (2) violation of his Eighth Amendment right by way of two conditions of confinement, including mental anguish resulting from placement on RP status and risk of serious physical harm resulting from his working conditions while on RP status; (3) violation of the Equal Protection Clause by way of class-based differential treatment and/or "class-of-one" disparate treatment; (4) violation of the Due Process Clause by way of denial of a hearing prior to placement on RP status;[2] and (5) violations of Colorado statutes and a Colorado Department of Corrections administrative regulation. R. 7-21. Defendants filed motions to dismiss under Rule 12(b)(6), R. 25-37, 58-65, and between those filings Mr. Rocha sought to amend his complaint by adding the Colorado Department of Corrections and the Four Mile Correctional Center as named defendants, and by suing the original defendants in their individual capacities only. R. 38-57. Defendants argued that such an amendment would be futile, R. 62-65, and Mr. Rocha filed both an Answer to Defendants' motions to dismiss, R.

---

[1] The magistrate judge did not address Mr. Rocha's claim of infringement upon his First Amendment right to free speech; however, because Mr. Rocha did not raise that omission in his objections to the magistrate judge's recommendation, R. 92-97, the issue is waived. See Duffield v. Jackson, 545 F.3d 1234, 1237-38 (10th Cir. 2008). Moreover, Mr. Rocha has not raised the issue (or its waiver) on appeal, so it alternatively is abandoned. Kokins v. Teleflex, Inc., 621 F.3d 1290, 1302 n.6 (10th Cir. 2011).

[2] Mr. Rocha specifically alleged the Due Process violation against Defendant Potter alone. R. 13-14. However, in his statement on the Nature of the Case, Mr. Rocha alleged that all Defendants inappropriately used Low Work Evaluations as the pretense for placement on RP status without a hearing. R. 7-8.

66-67, and a Reply regarding his proposed Amended Pleading. R. 68-71. A magistrate judge recommended dismissal of all of Mr. Rocha's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, as well as denial of Mr. Rocha's request to amend his pleading for futility. R. 73-91. Mr. Rocha filed timely objections on various grounds, R. 92-97, and the district court ultimately dismissed all of Mr. Rocha's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and denied leave to amend. R. 98-103. The court entered its final judgment on March 3, 2011. R. 104-05. Mr. Rocha timely appeals from the district court's final judgment. R. 106-07.

Mr. Rocha identifies two issues on appeal, alleging that (1) the lower court erred "by evaluating [his] claims under post hoc rationale" and advocating as defendants' attorney, and (2) the "lower court's performance under said post hoc rationale shifts from erroneous review to abdication of function in administration of justice." Aplt. Br. 3. He also contends that the district court should have applied the law identified in his pleadings to support his claimed constitutional violations.

The first two issues are one in the same: we find nothing to suggest that the district court did anything other than discuss various claims generally and evaluate the defenses raised by defendants. Mr. Rocha tells us on appeal that the case does not involve claims of deliberate indifference to serious medical needs, or excessive force, but rather involves retaliation, his status as a protected class of

one, and deliberate indifference to a substantial risk of serious harm given the policy which restricts communication between inmates. Aplt. Br. 2. Mr. Rocha therefore has abandoned the remainder of his original claims. Kokins v. Teleflex, Inc., 621 F.3d 1290, 1302 n.6 (10th Cir. 2011).

Our review of Rule 12(b)(6) dismissal is de novo, and we consider well-pleaded factual allegations in the light most favorable to the plaintiff. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). To the extent that Mr. Rocha both alleged and preserved claims under the First Amendment, Equal Protection Clause, and/or Eighth Amendment, we find that such claims fail based on insufficient allegations made in Mr. Rocha's complaint, and we therefore affirm.

First, in the context of First Amendment retaliation claims, a specific test "applies to retaliation claims in which the defendant 'is not the plaintiff's employer and when there is no contractual relationship between them.'" Leverington v. City of Colorado Springs, 643 F.3d 719, 729 (10th Cir. 2011) (quoting Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000)). Under that test, Mr. Rocha must prove: "(1) that [he] was engaged in constitutionally protected activity; (2) that [each] defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that [each] defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct."

Id. (quoting Worrell, 219 F.3d at 1212). Here, Mr. Rocha has failed to allege facts necessary to support the element that any defendant's actions "would chill a person of ordinary firmness from continuing to" file grievances or exercise a constitutional right. Id. (quoting Worrell, 219 F.3d at 1212). R. 81-82; 100-01. Furthermore, Mr. Rocha has failed to allege personal participation by any of the named Defendants; while Mr. Rocha alleges that a kitchen supervisor and his case manager retaliated against him for making informal complaints, neither is named in this suit. R 100-01. Thus, Mr. Rocha has failed to adequately state a retaliation claim.

Second, in order to establish a class-of-one equal protection claim, Mr. Rocha must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). To do this, Mr. Rocha "must establish that others, 'similarly situated in every material respect[,]' were treated differently." Kansas Penn Gaming, LLC v. Collins, No. 10-3002, 2011 WL 3849751 at *4 (10th Cir. Sept. 1, 2011) (quoting Jicarilla Apache Nation v. Rio Arriba County, 440 F.3d 1202, 1210 (10th Cir. 2006)). Mr. Rocha "must then show this difference in treatment was without rational basis, that is, the government action was 'irrational and abusive' and 'wholly unrelated to any legitimate state activity.'" Id. (quoting Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 849 (10th Cir. 2005)) (citation omitted).

Whether Mr. Rocha satisfies the second element is irrelevant, as he fails to plead the first: though he alleges that he was singled out for exercising his constitutional right(s), Mr. Rocha fails to identify anyone, similarly situated, who was treated differently. R. 9, 11, 14, 16. Thus, Mr. Rocha has failed to adequately state a class-of-one equal protection claim.

Third, while there is no doubt that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment," Farmer v. Brennan, 511 U.S. 825, 828 (1994), Mr. Rocha's Eighth Amendment claim still must satisfy two requirements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 298). This second requirement is subjective, rather than objective: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. We will assume that Mr. Rocha has adequately alleged the first requirement; that inmates at his facility, himself included, are made to work in potentially dangerous conditions without the ability to warn others of immediate peril. Even then, Mr. Rocha has failed to

- 7 -

allege adequately the second requirement: that the named Defendants subjectively knew of, and disregarded, a risk. Instead, Mr. Rocha simply recites the second element itself: that the Defendants could have drawn, should have drawn, and did draw the inference that the conditions of his RP status were unsafe. R. 10, 12, 14, 16. The fact that the Defendants, in Mr. Rocha's opinion, *should* have drawn that inference is irrelevant. Farmer, 511 U.S. at 838. Thus, Mr. Rocha has failed to adequately state a conditions of confinement claim.

Finally, we note that the district court was correct in denying Mr. Rocha leave to amend his claim: his proposed additions of the Colorado Department of Corrections and the Four Mile Correctional Center are barred under the Eleventh Amendment, see Griess v. Colorado, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and his claims against all Defendants in their individual capacities fail for the reasons explained above. We agree with the district court, in light of the Record, that Mr. Rocha's proposed amendments are futile. Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

AFFIRMED. We grant IFP status and remind Mr. Rocha of his obligation to make partial payments until the filing fee is paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge